UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY C. MEECE<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM P. BARR, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE, and his successors<br><br>    and<br><br>REGINA LOMBARDO, DEPUTY DIRECTOR AND HEAD OF THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, and her successors<br><br>    and<br><br>CHRISTOPHER WRAY, DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, and his successors<br><br>    and<br><br>THE UNITED STATES OF AMERICA<br><br>    Defendants. | Case No.: t/b/d<br><br><br>**COMPLAINT** |

## **COMPLAINT**

1.    This is an action, in law and equity, for a civil rights violation under the Second Amendment based on a lawful Application to Make and Register a Firearm[1] ("Application") made by Plaintiff to the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") almost two years ago.

---

[1] The Form 1 Application is OMB No. 1140-0011 (06/30/2019). The completed Application contains personal information and has therefore not been publicly filed as an exhibit to this Complaint. Plaintiff will file a copy of the Application under seal if desired and permitted by the Court.

2. Plaintiff filed his Application on January 2, 2018. The Application was merely to change the arm brace on his lawfully-owned home-defense pistol to a shoulder stock, which the ATF considers to be a short barrel rifle ("SBR"). There was no proposed change to: (a) the firearm itself, (b) the barrel length, (c) the overall firearm length, etc. The Application and proposed change were simple, non-controversial, permitted by law, and—on information and belief—identical to past ATF precedent granting this specific type of application for this specific proposed modification on this specific firearm model.

3. The ATF never responded to the Application. Plaintiff attempted to contact the ATF regarding the status of the Application over thirty (30) times over the past 2 years in writing and by phone. On information and belief, the ATF never responded.

4. In March 2019, Plaintiff was able to reach Diane R. Wood, who is a Legal Instruments Examiner at the ATF, by telephone. Ms. Wood speculated that there may have been a problem with the background check performed by the Federal Bureau of Investigation ("FBI") on the National Instant Criminal Background Check System ("NICS"). However, no information was available and no response to the Application whatsoever has been forthcoming from the ATF.

5. Plaintiff contacted his congressman, U.S. Representative Bill Foster, in order to obtain assistance with his Application to the ATF. Representative Foster's office was unable to obtain any substantive response from the ATF and suggested that Plaintiff contact a senator for assistance.

6. Plaintiff thereafter contacted Senator Dick Durbin for assistance. Senator Durbin's office was unable to obtain any substantive response from the ATF.

7. Since Plaintiff has been unable to get a response from the ATF—let alone resolve any potential dispute, and since Plaintiff was unable to obtain any assistance from his legislative

representatives, Plaintiff has no other option but to seek assistance from this Court, because—on information and belief—either the ATF will not act on the Application, the ATF lost the Application, and/or ATF denied or will deny the Application based on incorrect information in the NICS.

8. If the ATF will approve the Application, the FBI will correct any errors in the NICS, and Plaintiff's filing fee for this action are refunded along with his costs of service of process, Plaintiff will agree to dismiss this lawsuit.

## THE PARTIES

9. Plaintiff is an individual and natural citizen of the United States. Plaintiff is a resident in this District, an attorney, and a member of the Northern District of Illinois Trial Bar.

10. Defendant, William Barr, and his successors, are sued in their official capacity as the Attorney General of the United States. As Attorney General, Mr. Barr is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States. He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action. As Attorney General, Mr. Barr is ultimately responsible for supervising the functions and actions of the United States Department of Justice ("DOJ") including the ATF and FBI, which are arms of the DOJ.

11. Defendant, Regina Lombardo, and her successors are sued in their official capacity as the Deputy Director and Head of the ATF. The ATF is a branch of the DOJ and is responsible for regulating the licensing, possession, sale, and transportation of firearms and ammunition in interstate commerce. The ATF is currently authorized to, and currently is, implementing and enforcing the federal laws complained of in this action. In her capacity as Deputy Director and

Head of the ATF, Ms. Lombardo is presently enforcing the laws, regulations, and policies described in this action.

12. Defendant, Christopher Wray, and his successors are sued in their official capacity as the Director of the FBI. The FBI is the principal law enforcement agency of the Federal Government, operating under the jurisdiction of the DOJ. The FBI is responsible for the maintenance, administration, and operation of the NICS. On information belief, the ATF uses the NICS to determine whether to approve applications such as the Application at issue in this Complaint. By its operation of the NICS program, in conjunction with the civil rights violation complained of in this action, the FBI is currently authorized to, and currently is, implementing and enforcing the federal laws complained of in this action. In his capacity as Director and Head of the FBI, Mr. Wray Christopher is presently enforcing the laws, regulations, and policies described in this action.

13. Defendant, The United States of America, is a proper defendant in this action pursuant to 5 U.S.C. § 702.

## JURISDICTION AND VENUE

14. This action concerns subject matter that is within the original and exclusive jurisdiction of the district courts of the United States of America, in that this action arises under the Constitution and laws of the United States, and therefore jurisdiction is founded on 28 U.S.C. § 1331.

15. This action seeks relief pursuant to 28 U.S.C. §§ 2201-02, 2412.

16. There is no administrative remedy available to Plaintiff as the Defendants have not acted on the Application and/or have wrongly denied the Application, have not communicated the decision to Plaintiff, and have not provided any recourse options regarding any erroneous denial.

17. Pursuant to 28 U.S.C. § 1343, this action seeks to enforce a right for which the United States District Courts have original jurisdiction to protect.

18. Defendants are subject to actions for relief in law and equity, such as this suit, pursuant to 5 U.S.C. § 702.

19. The Court has the authority to award costs pursuant to 28 U.S.C. §§ 2412, 1920.

20. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 139l(e).

## COUNT I
### (Violation of the Second Amendment)

21. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 20 of this Complaint.

22. Plaintiff has been wrongly denied his Second Amendment right to obtain and possess a firearm in accordance with the Application, despite having no record evidence of criminal record, history of violence, and/or any other disqualifying facts.

23. As a direct and proximate result of the aforementioned laws and policies implemented, maintained, and enforced by the Defendants, the Plaintiff has and continues to suffer damages, and is precluded from exercising the rights afforded to him under the United States Constitution.

24. The Plaintiff has incurred costs as a direct result of prosecuting the present action, in addition to suffering injury in law and equity.

## COUNT II
### (Violation of the Equal Protection Clause of the Fifth Amendment)

25. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24 of this Complaint.

26. On information and belief, Plaintiff is being treated differently than similarly situated individuals who filed applications substantially identical to the Application, which the Defendants approved.

27. The foregoing presents an unconstitutional violation of the Fifth Amendment's right to equal protection under the law, as it applies to this individual Plaintiff.

28. As a direct and proximate result of the aforementioned laws and policies implemented, maintained, and enforced by the Defendants, Plaintiff has and continues to suffer damages, and is precluded from exercising the rights afforded to him under the United States Constitution.

29. Plaintiff has incurred costs as a direct result of prosecuting the present action, in addition to suffering injury in law and equity.

## COUNT III
### (Violation of the Procedural Due Process Clause of the Fifth Amendment)

30. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 29 of this Complaint.

31. The Defendants have denied the Plaintiff adequate procedural protections before depriving him of his right to modify a firearm as set forth in the Application. Defendants did not provide him with any form of hearing to determine if the deprivation was justified under the law. Similarly, Defendants have provided no means by which the Plaintiff may reclaim his right.

32. The foregoing presents an unconstitutional violation of the Fifth Amendment's right to procedural due process, as it applies to this individual Plaintiff.

33. As a direct and proximate result of the aforementioned laws and policies implemented, maintained, and enforced by the Defendants, Plaintiff has and continues to suffer

damages, and is precluded from exercising the rights afforded to him under the United States Constitution.

34. Plaintiff has incurred costs as a direct result of prosecuting the present action, in addition to suffering injury in law and equity.

## COUNT IV
### (Violation of the Substantive Due Process Clause of the Fifth Amendment)

35. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 34 of this Complaint.

36. The foregoing presents an unconstitutional violation of the Fifth Amendment's right to substantive due process, as it applies to this individual Plaintiff.

37. As a direct and proximate result of the aforementioned laws and policies implemented, maintained, and enforced by the Defendants, the Plaintiff has and continues to suffer damages, and is precluded from exercising the rights afforded to him under the United States Constitution.

38. The Plaintiff has incurred costs as a direct result of prosecuting the present action, in addition to suffering injury in law and equity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

1. Order the ATF to grant Plaintiff's Application;

2. Order the FBI to correct any erroneous information in the NICS;

3. Award Plaintiff his costs and expenses for bringing and prosecuting this action; to the extent permitted under 28 U.S.C. §§ 2412, 1920.

4. Award Plaintiff compensatory damages, as the Court deems necessary, in order to advance the interests of justice and protect the rights afforded under the United States Constitution.

5. Award such other and further relief as the Court deems just and proper.

DATED: October 22, 2019

Respectfully submitted,

/s/ Timothy C. Meece
Timothy C. Meece
(ARDC No. 06226967)
110 Circle Ridge Drive
Burr Ridge, IL 60527
Tel. 312.463.5420
tmeece@bannerwitcoff.com